OPINION
Anthony Ginyard appeals from a denial of his second petition for post-conviction relief. Ginyard asserts four assignments of error, which he styles "claims."
 CLAIM: I INSTANCES OF PROSECUTORIAL MISCONDUCT DURING CLOSING ARGUMENT WERE IMPROPER AND PREJUDICIAL AND DEPRIVED APPELLANT OF HIS RIGHT TO A FAIR TRIAL, IN CONTRAVENTION OF THE FIFTH AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION SIXTEEN OF THE OHIO CONSTITUTION.
 CLAIM: II DEFENDANT/APPELLANT WAS RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL AND DENIED DUE PROCESS OF LAW IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLES I, §§ 10 16, OF THE OHIO CONSTITUTION THROUGH TRIAL COUNSEL'S FAILURE TO INVESTIGATE CHARGES AND EVIDENCE AGAINST DEFENDANT. FURTHERMORE, DEFENDANT/APPELLANT WAS RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL AND DENIED DUE PROCESS OF LAW IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION BY AND THROUGH COUNSELS (sic) FAILURE TO PROTECT DEFENDANT FROM "INSTANCES OF PROSECUTORIAL MISCONDUCT DURING CLOSING ARGUMENT (sic).
 CLAIM: III THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT WHEN IT FAILED TO ADHERE TO THE MANDATES OF R.C. 2953.21.
 CLAIM: IV THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT WHEN IT FAILED TO BASE ITS RULING ON THE FACTS IN THE RECORD.
The trial court denied Ginyard's petition because it was untimely pursuant to R.C. 2953.21(A)(2) and because Ginyard could not avail himself of the saving provisions of R.C. 2953.23(A):
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section . . . unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
The trial court correctly observed that Ginyard had not even claimed that he had been unavoidably prevented from discovering the facts upon which the petition was based. Subsection (A)(1)(a). [The trial court also correctly observed that Ginyard had not attempted to invoke subsection (A)(1)(b)]. Indeed, Ginyard would have been aware of the prosecutorial misconduct alleged in the first two assignments of error as of the time of trial. The same is true of the claim of ineffective assistance of counsel as it relates to the prosecution's closing argument. At the very latest, counsel on Ginyard's direct appeal, once armed with the trial transcript, was aware of the facts supporting these claims and was in a position to assert them in Ginyard's direct appeal. Montgomery App. No. 17344, decided October 8, 1999. See State v. Perry (1967),10 Ohio St.2d 175. Ginyard's claim that counsel failed to investigate charges and evidence against him is not further developed in his petition and is simply too vague and conclusory to support a valid claim for post-conviction relief.
There is no record support for Ginyard's third and fourth assignments of error.
The assignments of error are overruled. The judgment will be affirmed.
 ___________________ WOLFF, P. J.
GRADY, J. and YOUNG, J., concur.